UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

PACIFIC MARITIME ASSOCIATION,
a California corporation,

        Plaintiff,

   v.

INTERNATIONAL LONGSHORE AND
WAREHOUSE UNION, an
unincorporated labor
organization; and
INTERNATIONAL LONGSHORE AND
WAREHOUSE UNION, LOCAL 54, an
unincorporated labor
organization,

        Defendants.

No. 2:11-cv-00940-MCE-KJN

**ORDER**

----oo0oo----

At the time of the last April 15, 2011 hearing on Plaintiff's Motion for Preliminary Injunction, the Court reset the matter for May 5, 2011 in order to accommodate counsel's request for an evidentiary hearing before any further decision on injunctive relief was rendered. The Court further ordered that any supplemental briefing germane to Plaintiff's Motion be submitted not later than April 28, 2011.

1

1    On April 28, 2011, counsel for Defendant International
2 Longshore & Warehouse Union and ILWU Local 54 (hereinafter
3 "Union") informed the Court that it will stipulate to judicial
4 confirmation and enforcement of the arbitration awards pertaining
5 to the assignment of temporary walking boss jobs and any work
6 stoppages in connection with the dispute concerning such
7 assignment.  The two awards which the Union now agrees can be
8 enforced are Coast Arbitrator John Kagel's decision of August 23,
9 2010 (C-07-2010) and Relief Area Arbitrator Joseph Lucas' recent
10 April 14, 2011 decision (NCAA-021-2011) which found, in favor of
11 Plaintiff Pacific Maritime Association ("PMA"), that an illegal
12 work stoppage had occurred in violation of Sections 11.1 and
13 17.57 of the applicable collective bargaining agreement.
14    Given its agreement to enforcement of the aforementioned
15 awards pertaining to work stoppage, the Union argues that PMA's
16 preliminary injunction request is now moot.  The Court agrees.
17 Although PMA's supplemental briefing appears to suggest that two
18 intermediate arbitration awards should also be enforced (namely,
19 decisions NCAA-001-2009 and NCAA-027-2009), both those decisions
20 were superseded by the Coast Arbitrator's final award of C-07-10
21 and consequently only C-07-2010 is properly subject to
22 enforcement.  In addition, the April 14, 2011 award (NCAA-021-
23 2011), though intermediate, is in favor of PMA and therefore the
24 Union's agreement to stipulate to enforcement of such award
25 against it (and to forego any further appeal) makes NCAA-021-2011
26 final as well.
27 ///
28 ///

Finally, while the Supplemental Declaration of L. Julius M. Turman indicates that yet another procedural award should be enforced (C-05-2009), PMA's supplemental briefing itself specifically concedes that it is not seeking a preliminary injunction as to that award (PMA's Amended Supplemental Brief, 3:1-2).  Consequently all the relief requested by way of preliminary injunction is either moot or withdrawn.  PMA's Motion for Preliminary Injunction (ECF No. 15) is accordingly DENIED. The hearing set for May 5, 2011 is vacated.

IT IS SO ORDERED.

Dated: May 3, 2011

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE